AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
|  | ) Case No. 19-MJ-8189-DLB |
| Travis Jamaal Moss | ) |
|  | ) |
|  | ) |
| *Defendant(s)* |  |

FILED BY SP D.C.

MAY 07 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____ May 6, 2019 ____ in the county of ____ Palm Beach and elsewhere ____ in the ____ Southern ____ District of ____ Florida ____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | The defendant, having previously been removed or deported from the United States, did enter and attempt to enter the United States, without permission from the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission to the United States. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Xavier Martinez, Special Agent, HSI
*Printed name and title*

Sworn to before one and signed in my presence.

Date: 05/07/2019

_____
*Judge's signature*

City and state: West Palm Beach, Florida

Hon. Dave Lee Brannon, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Xavier Martinez, being first duly sworn on oath, deposes and says:

1. I am a Special Agent in the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), assigned to the Homeland Security Investigations (HSI) for the office of the Assistant Special Agent in Charge (ASAC) in West Palm Beach, FL. I have been a Special Agent of (HSI) and its predecessor, the Office of Investigations (OI) for the past 9 years. As an HSI Special Agent, part of my duties entails the investigation of individuals who illegally enter into the United States as well as the unlawful bringing in of aliens.

2. Due to this experience and training, I am familiar with common routes and methods employed by those seeking to smuggle aliens and contraband in the United States.

3. I obtained the following information through personal observations, and from other law enforcement officers who are familiar with this investigation.

4. Due to the limited scope of this document, I have not included in this affidavit all facts known to investigators at this time. I have only included facts sufficient to show that probable cause exists to believe that the target of this investigation is engaged in the criminal activity described herein and sufficient to establish probable cause to use the investigative techniques set forth herein.

## FACTUAL BACKGROUND

5. On May 6, 2019, at approximately 2:00 a.m., members of the Palm Beach Sheriffs Marine Enforcement Unit (hereinafter MEU) spotted a target of interest (hereinafter TOI) on their radar system. Onboard the MEU vessel were officers with the Palm Beach Sherriff's Office as well as United States Border Patrol (USBP) Agent Miguel Esteves. After seeing the TOI on the radar, they navigated towards its location. As they neared the TOI's location they noticed a

blinking white light to the west of the MEU. The MEU then identified the TOI when they came within approximately 100 yards of it (approximate location N26 43.00 W-80 01.00) and confirmed that it had no navigation lights turned on. This location is approximately 1 mile east of The Breakers Hotel in Palm Beach, FL. At that point the MEU activated their emergency equipment (blue lights and siren) directing the TOI to stop. The TOI then increased its speed and drove in an evasive manner. The MEU pursued the TOI and requested further assistance from the Palm Beach Sheriff's Office and the United States Coast Guard (USCG). Officers were able to observe that the TOI was displaying a vessel registration number of NP013085 and markings indicating that the TOI was a 21 foot "Wahoo". Officers also observed that onboard there were two black males. The driver of the boat was observed wearing all black clothing; the second male was wearing jeans and a black shirt.

6. MEU continued to pursue the TOI. The TOI continued to evade the MEU and was traveling east (offshore). PBSO Air Support (AS) was able to join the pursuit and confirmed that the TOI was occupied by two males. Approximately 5 minutes later, USCG arrived on scene and took over as the primary pursuit vessel and activated its lights and siren, in an effort to get the TOI to stop. The pursuit continued for another 5 minutes and then the TOI ran out of fuel at approximately 0247 hours (approximate location N 26 42.048, W -79 47.632). The USCG was able to then take custody of the two individuals on the TOI. Once in custody, USBP Agent Esteves interviewed them and determined that they were both Bahamian nationals. The individual who was observed driving the boat self-identified as Donald Nehemiah WATSON with a date of birth of July 17, 1983. WATSON also provided Agent Esteves a Bahamian identification document bearing the same name. The passenger identified himself as Walner Nathaniel Lumber with a date of birth of October 05, 1995. During the interview, Agent Esteves was told by the individuals that

they had left Freeport Bahamas and were doing a test run on the vessel and when they noticed they were running out of fuel they decided to head to West Palm Beach to re-fuel before heading back to the Bahamas.

7. Agent Esteves observed a black bag on the deck of the TOI and asked WATSON and Lumber to whom it belonged. Both men stated that the bag was already on the boat when they boarded it and that it did not belong to either of them. As the bag was taken from the TOI to the patrol vessel, a Bahamian passport fell out of it. Upon inspection, Agent Esteves noticed that the passport had a photo matching Lumber but it listed his name as Travis Jamaal MOSS and date of birth of January 26, 1995. Post arrest processing performed by USBP agents revealed that the passenger who initially identified himself as Walner Nathaniel Lumber was actually Travis Jamaal MOSS and that he had been previously deported in 2014.

8. The TOI was towed by PBSO to the USCG station located at 3300 Lakeshore Drive, Riviera Beach, FL 33404. Once at the USCG station, the TOI was searched, and an additional identification document was found bearing MOSS' photo and name as well as a black Alcatel smart phone. At the USCG station, the black bag was further inspected and was found to contain three credit card encoding devices along with seventeen cards. Ten out of the seventeen cards were found to be access cards that could be uploaded with information using the encoders. The cards were wrapped with a copy of MOSS' Bahamian voter registration card.

9. At approximately 1343 hours, MOSS was interviewed at the USBP station. Upon being read his ICE statement of rights in English, MOSS explained to investigators that he understood his rights and was willing to answer questions. MOSS also signed the rights form. MOSS explained that he and WATSON had left Freeport, Bahamas and were testing the boat after having performed maintenance on it. MOSS explained that once they were approximately 20

miles off (NW) the coast of Freeport they began to have issues with the motor. MOSS claimed that they continued to have boat issues and eventually found themselves within 14 miles of the United States. He explained that he eventually fell asleep on the boat and was woken up when the PBSO patrol vessel attempted to stop the vessel he was on (TOI). MOSS explained that he understood he was not allowed to enter the United States and admitted being previously deported.

10. MOSS was fingerprinted at the USBP station and processed administratively for his unlawful presence in the United States. The fingerprint search through the Integrated Automated Fingerprint System (IAFIS) as well as other DHS/ICE databases confirmed that MOSS had been previously deported on February 20, 2014 and there were no records of his request for lawful reentry the Attorney General of the United States or the Secretary of Homeland Security.

11. Based upon the forgoing, I submit there is probable cause to believe that on or about May 6, 2019, upon the high seas and out of the jurisdiction of any particular State or district, and elsewhere, in Palm Beach County, in the Southern District of Florida, Travis Jamaal MOSS, having previously been removed or deported from the United States, did enter and attempt to enter the United States, without permission from the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

Special Agent Xavier A. Martinez
Homeland Security Investigations

Subscribed and sworn to before me
this 7 day of May, 2019.

Dave Lee Brannon
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: Travis Jamaal Moss**

**Case No:** _19-mj-8189-DLB_

Count #: 1

Illegal Reentry by an Alien

Title 8, United States Code, Sections 1326(a) and (b)(1)

**\*Max. Penalty:** 10 years' imprisonment, 3 years supervised release, $250,000 fine, $100 special assessment

---

**\*Refers only to possible term of incarceration, does not include possible restitution, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 19-MJ- 8189 -DLB

### BOND RECOMMENDATION

DEFENDANT: Travis Jamaal Moss

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: *Gregory Schiller*
AUSA:  Gregory Schiller

Last Known Address: _____

What Facility:  Palm Beach County Jail

Agent(s):  HSI Xavier A. Martinez
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.    19-MJ- 8189 -DLB

UNITED STATES OF AMERICA

V.

Travis Jamaal Moss,

_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  ____ Yes   x  No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  ____ Yes   x  No

Respectfully Submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:  /s/ Gregory Schiller
GREGORY SCHILLER
Assistant United States Attorney
Florida Bar No. 0648477
U.S. ATTORNEY'S OFFICE - SDFL
500 S. Australian Ave.,
West Palm Beach, FL 33401
(561) 209-1045
Gregory.Schiller@usdoj.gov